IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BARG, INC., )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)    No. 1:20-cv-00155 (RDA/IDD)<br>RONALD W. POOLE, *et al.* )<br>)<br>)<br>  Defendants. ) | |

### **ORDER**

This matter comes before the Court on Plaintiff Barg, Incorporated's ("Plaintiff") Motion to Remand Case to State Court ("Motion") (Dkt. 8). Considering the Motion, Plaintiff's Memorandum in Support of the Motion (Dkt. 8-1), Defendant Laura A. Poole's ("Defendant") Reply Over Plaintiff (sic.) Objection to Removal ("Opposition") (Dkt. 9), and Plaintiff's Reply (Dkt. 9), it is hereby ORDERED that Plaintiff's Motion (Dkt. 7) is GRANTED.

### I.  BACKGROUND

This case concerns an unlawful detainer action which alleged violation of Virginia Code § 8.01-126 and was originally filed in the Prince William General District Court. Dkt. Nos. 1, 8-1. On December 17, 2019, Plaintiff purchased property located at 5354 Macwood Drive, Woodbridge, Virginia 22193. Dkt. 1, 5. Following the purchase of the property, Plaintiff provided notice to Defendant Ronald W. Poole and "[a]ny other tenants or occupants of[ ] 5354 Macwood Drive, Woodbridge, VA 22193" that they needed to vacate the property. Dkt. 1, 5-6. It is uncontested that "Plaintiff listed Robert W. Poole and 'all other occupants' as Defendant[s]" in the unlawful detainer action that it filed in Prince William General District Court. Dkt. 8-1,1. It is also uncontested that on February 14, 2020, Defendant "Laura A. Poole appeared at the first

return [of Plaintiff's action] and advised that [Defendant] Ronald W. Poole was deceased and that she qualified as administrator of his estate on January 30, 2020." *Id*. Plaintiff then moved to have Defendant Laura A. Poole added to the action as "an administrator of the estate." *Id*. The Prince William General District Court granted that motion. *Id*.

On February 13, 2020, Defendant Laura A. Poole removed this action from the Prince William General District Court to this Court. Dkt. 1. On February 20, 2020, Defendant filed a Memorandum Supporting Removal Jurisdiction. Dkt. 6.

On March 4, 2020, Plaintiff moved that this Court remand this matter to Prince William County General District Court. Dkt. 8. The next day, Defendant Laura A. Poole opposed the Motion. Dkt. 9. On March 10, 2020, Plaintiff replied to Defendant's Opposition. Dkt. 11.

This matter is now ripe for disposition.

## II.  ANALYSIS

The issue before the Court is whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The party seeking removal has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). Removal jurisdiction must be "strictly construed." *Id*. (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. (citation omitted).

Defendant Laura A. Poole contends that this matter is properly in this Court pursuant to 28 U.S.C. § 1332. Dkt. 6, 1.

In relevant part, Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

"[T]he Supreme Court [of the United States has] made clear that, for purposes of diversity jurisdiction, a corporation's principal place of business is always its 'nerve center.'" *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104 (4th Cir. 2011) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010)). A corporation's "nerve center" is its principal place of business. *Cent. W. Virginia Energy Co., Inc.*, 636 at 104 (citing *Hertz Corp*, 559 U.S. at 91-97).

Additionally, "the legal representative of the estate of the decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332 (c)(2).

In the instant matter, it appears that Plaintiff is a corporation and Defendant Laura A. Poole is the administrator of Ronald W. Poole's estate. It is uncontested that Plaintiff is a Virginia Corporation. Dkt. Nos. 8-1, 2; 1, 3. It also appears, and it is uncontested, that prior to his death, Ronald W. Poole was a citizen of Virginia (Dkt. 8-1, 1, 5), and as such, Defendant Laura A. Poole is also a citizen of Virginia for purposes of determining whether diversity of citizenship exists under 28 U.S.C. § 1332. Thus, because both parties appear to be citizens of Virginia, this Court is constrained to find that there is no diversity of citizenship to give this Court jurisdiction over a matter that otherwise sounds in Virginia law. *See* Dkt. 8, 3.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion (Dkt. 8) is GRANTED, and this matter is hereby remanded to the Prince William General District Court.

It is SO ORDERED.

Alexandria, Virginia
May 6th, 2020

/s/ 
Rossie D. Alston, Jr.
United States District Judge